## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **NORMAN M. WRIGHT,**      ) | |
|      ) | |
| **Plaintiff,**      ) | |
|      ) | |
| **v.**      ) | **Civil Action No. 1:09cv379** |
|      ) | **(GBL/IDD)** |
| **GARY LOCKE, Secretary,**      ) | |
|  **U.S. Department of Commerce, and**   ) | |
| **DAVID KAPPOS, Under Secretary of** ) | |
|  **Commerce for Intellectual Property**  ) | **Hearing Date: January 8, 2010** |
|  **and Director of the U.S.**      ) | |
|  **Patent and Trademark Office,**      ) | |
|      ) | |
| **Defendants.**      ) | |
|      ) | |

## THE DEFENDANTS' MOTION TO COMPEL
## THE PLAINTIFF'S INITIAL DISCLOSURES

The Defendants, by and through counsel, Neil H. MacBride, United States

Attorney, and Leslie B. McClendon, Assistant United States Attorney, move to compel

the Plaintiff to produce the documents listed in his Initial Disclosures, not within the

custody or control of the Defendants, upon which he intends to rely in support of his

claims, pursuant to Federal Rule of Civil Procedure 37(a), EDVA Local Rule 37(A), the

Rule 16(B) Scheduling Order issued by this Court, and the Joint Discovery Plan entered

into by the parties.  In support of this motion, the Defendants state the following:

### STATEMENT OF FACTS

1.     On April 8, 2009, Plaintiff filed suit against the Secretary of the U.S.

Department of Commerce and the Under Secretary of Commerce and Director of the U.S.

Patent and Trademark Office ("PTO"), alleging that he was the victim of disability

discrimination, race discrimination, retaliation for engaging in previous EEO activity, and

that his rights under the Family and Medical Leave Act were violated, in the course of his

previous employment as a Patent Examiner with the PTO, part of the U.S. Department of

Commerce, located in Alexandria, Virginia.  (Docket No. 1.)

2.      On October 1, 2009, the Defendants timely filed a Motion to Dismiss and a

Memorandum and exhibits in support thereof.  (Docket Nos. 7 and 8.)  A hearing on this

Motion was held on December 4, 2009, and the motion was taken under advisement by

the Court. (Docket No. 29.)   As of the date of the filing of this document, the Motion to

Dismiss remains pending.

3.      On October 21, 2009, the parties participated in a lengthy Initial Pretrial

Conference with Magistrate Judge Ivan D. Davis, in which many discovery issues were

discussed.

4.      On October 27, 2009, at the direction of Mag. Judge Davis, the parties

submitted a Joint Discovery Plan to the court.  (Docket No. 17.)  Among other things, the

parties agreed to the following terms:

1.      Initial Disclosures
        The disclosures required by Fed. R. Civ. P. 26(a)(1) and Local
        Rule 26(A)(1) with regard to the Plaintiff's disability
        discrimination claims shall be provided by each party to the
        opposing party promptly.

        With regard to the Plaintiff's other claims, per the Court's
        instructions, the parties each agree to begin producing the
        disclosures required by Fed. R. Civ. P. 26(a)(1) and Local

> Rule 26(A)(1) to the opposing party by December 10, 2009,
> due to the rescheduling of the hearing on the Defendants'
> Motion to Dismiss from October 30, 2009, to December 4,
> 2009.

(Docket No. 17, pp. 1-2. )

5.     On November 2, 2009, the parties' Joint Discovery Plan was accepted by

the Court in a Rule 16(B) Scheduling Order issued by Magistrate Judge Davis.  (Docket

No. 18.)  In pertinent part, that Order states: "The Joint Discovery Plan filed by the

parties is approved and shall control discovery to the extent of its application unless

further modified by the court."   (Rule 16(b) Scheduling Order, ¶ 3.)  The Order also

states:

> Fed. R. Civ. P. 26(a)(1) disclosures with regard to Plaintiff's disability
> discrimination claims shall be completed promptly.  Fed. R. Civ. P. 26(a)(1)
> disclosures with regard to Plaintiff's additional claims shall be completed
> by Dec. 10, 2009.

 (Docket No. 18, Rule 16(b) Scheduling Order, ¶ 4.)

6.     On October 29, 2009, in compliance with the terms of the Joint Discovery

Plan, the Defendants began producing documents to the Plaintiff as part of their Initial

Disclosure obligations.   In a letter sent to the Plaintiff on that date, the Defendants asked

the Plaintiff, among other things, to "please advise when the Defendants may expect to

receive the Plaintiff's Initial Disclosures."  (Defendants' Exhibit ("Defs.' Exh.") No. 1,

Letter to Plaintiff dated Oct. 29, 2009.)

7.     The Plaintiff later agreed to produce his Initial Disclosures to the

Defendants on November 20, 2009.  (Defs.' Exh. No. 2, E-mail from Plaintiff dated

November 23, 2009.)

8.      On November 23, 2009[1], three days late, the Plaintiff sent the Defendants

an Email with a document attached entitled "Initial Disclosures." (Defs.' Exh. No. 3. )

No documents were attached to the Plaintiff's Initial Disclosures.  Rather, the Plaintiff

merely described certain types of documents upon which he states he intends to rely at

trial.  Some of these documents are in the custody or control of the Defendants, such as

the documents contained in his EEOC, MSPB and Arbitration proceedings (and all of

which have already been produced to the Plaintiff by the Defendants as part of the

Defendants' Initial Disclosures).  Other documents listed by the Plaintiff in his Initial

Disclosures as documents upon which he intends to rely upon to support his claims are

clearly not within the custody or control of the Defendants.  These documents include the

Plaintiff's "medical and health records," the Plaintiff's "email records," and the Plaintiff's

"personal notes and records".  (Defs.' Exh. No. 3. )

9.      Accordingly, on December 11, 2009,  the Defendants sent to the Plaintiff a

letter requesting that, pursuant to Fed. R. Civ. P. 26(a)(1), the Plaintiff correct or

supplement his Initial Disclosures to, at a minimum, "immediately produce the following

documents which you identified in your Initial Disclosure document dated Nov. 23, 2009,

which you claim support your disability discrimination claims and upon which you intend

---

[1] The Certificate of Service on the Plaintiff's "Initial Disclosures" document states
that the document was served on the Defendants on Nov. 23, 2009 by first class mail.
However, the envelope which contains the document clearly reflects a post-mark of
November 24, 2009.

to rely at trial:

    (1)     your "medical and health records;"

    (2)     your "performance and conduct records (official and unofficial);"

    (3)     your "work products;"

    (4)     "electronic communications between me and my PTO supervisors, and other management employees and representatives;"

    (5)     "Personal notes and records pertaining to my instant civil action;"

    (6)     Your "email records"

(Defs.' Exh. No. 4, Letter to Plaintiff dated December 11, 2009. )   The Plaintiff was also informed that should he fail to deliver the requested documents to the Office of the U.S. Attorney by the close of business on Thursday, Dec. 17, 2009, that the Defendants would file with the Court a Motion to Compel the production of these documents.  (*Id.*)

    10.    Per the terms of the Joint Discovery Plan and the Rule 16(b) Order, the Plaintiff was also required to serve any documents regarding his non-disability discrimination claims on the Defendants by December 10, 2009.  (Docket Nos. 17 and 18.)  Despite a reminder from the Defendants (Defs.' Exh. No. 4, Letter to Plaintiff dated Dec. 11, 2009), as of the date of filing this motion, the Plaintiff has failed to serve any documents on the Defendants which pertain to these claims (or any other claims).

    11.    In the Defendants' letter dated December 11, 2009 to the Plaintiff, the counsel for the Defendants also stated:

I am especially concerned that you possess documents which support your claims, which you have not disclosed to the Defendants, in light of the fact that you served documents on the Defendants on Tuesday, December 9, 2009, in support of your Opposition to the Defendants' Motion to Dismiss your Complaint, which were not referenced in your Initial Disclosures document.

The documents I received Tuesday included, among other things, five (5) documents attached to your "Declaration Under 28 U.S.C. § 1746 In Support of Supplemental Opposition to Defendants' Motion to Dismiss by Norman Wright."  Of those five (5) exhibits, four of them were not listed in, or reasonably contemplated by, your Initial Disclosures document:

(1)     The "Preliminary Report of Allan J. Lichtman on Racial Disparities in United States Patent Office Performance Evaluations and Presence of 2nd pair of Eyes List;"

(2)     An excerpt from the deposition of USPTO employee Margaret Focarino in the case of <u>William Luther v. Carlos Gutierrez, Secretary of Commerce</u>, EDVA Civil Action No. 1:08cv492; and

(3)     An excerpt from the EEOC's Compliance Manual on "Compensation Discrimination;" and

(4)     A **draft** of the PostHearing Brief for the Union prepared as part of your Grievance Arbitration proceeding, FMCS Case No. 070124-01610-3.

To the extent that you possess any other documents which you claim support any of your claims in this suit, not contained in the official files of your EEOC, MSPB, or Arbitration proceedings, you are required to physically produce them to the Defendants at this time.  Should you fail to timely disclose such documents at this time, and attempt to do so later in an untimely fashion, I will move to strike those documents from the record in this case.

(Defs.' Exh. No. 4.)

12.     In response, the Defendants received only a six (6) sentence E-mail from

the Plaintiff dated December 15, 2009, which constituted the Plaintiff's "Expert

Discovery."  (Defs.'s Exh. No. 5.)  While the Plaintiff acknowledged in that E-mail his "continuing duty to disclose and produce documents" in this case, he declined to send any documents to the Defendants at that time because "no decision on the motion to dismiss have [sic] been rendered; no disposition on the charges have [sic] been rendered, and no answer to the complaint has been filed."  *Id.*

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 37(a) authorizes the Court to compel discovery when a party refuses to comply with a discovery request.  "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(2)(A).

Here, the Plaintiff has failed to provide any of the documents referenced in his Initial Disclosures to the Defendants which he states support his claims in this case.  In accordance with the rules, the movant has attempted in good faith to confer with the Plaintiff in an effort to secure these disclosures without court action.  See attached Certification filed pursuant to Fed. R. Civ. P. 37(a)(2)(A); 37(a)(2)(B); and 37(d). Accordingly, based on the information provided above, the Defendants respectfully request that the Plaintiff be compelled to supplement his Initial Disclosures to provide copies to the Defendants of the following documents referenced in his Initial Disclosures immediately, but not later than the close of business on Wednesday, January 13, 2010, the day prior to the anticipated date of the Plaintiff's deposition:

(1)     the Plaintiff's "medical and health records;"

(2)     the Plaintiff's "performance and conduct records (official and unofficial);"

(3)     the Plaintiff's "work products;"

(4)     the Plaintiff's "electronic communications between me and my PTO

        supervisors, and other management employees and representatives;"

(5)     the Plaintiff's "Personal notes and records pertaining to my instant civil

        action;" and

(6)     the Plaintiff's "email records"

                            Respectfully submitted,

                            NEIL H. MACBRIDE
                            UNITED STATES ATTORNEY

                    By:     _____/s/_____
                            Leslie B. McClendon
                            Assistant United States Attorney
                            Virginia Bar No. 43709
                            Attorney for Defendants
                            Office of the United States Attorney
                            2100 Jamieson Avenue
                            Alexandria, Virginia 22314
                            Telephone:   (703) 299-3831
                            Fax:         (703) 299-3983
                            Email:       Leslie.McClendon@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December, 2009, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, and that an exact and true copy will be served by United States mail, first class postage prepaid, addressed to the following *pro se* Plaintiff:

Norman M. Wright
14005 Wood Rock Way
Centreville, VA 20121-3833

By: _____/s/_____
LESLIE B. MCCLENDON
Assistant United States Attorney
Eastern District of Virginia
Virginia Bar No. 43709
Attorney for Defendants
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Voice: (703) 299-3831
Fax: (703) 299-3983
Email: leslie.mcclendon@usdoj.gov