## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **NORMAN M. WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:09cv379** |
| | ) | **(GBL/IDD)** |
| **GARY LOCKE, Secretary,** | ) | |
| **U.S. Department of Commerce, and** | ) | |
| **DAVID KAPPOS, Under Secretary of** | ) | |
| **Commerce for Intellectual Property** | ) | **Hearing Date: February 5th, 2010** |
| **and Director of the U.S.** | ) | |
| **Patent and Trademark Office,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION TO COMPEL PLAINTIFF'S RESPONSES TO
## DEFENDANTS' DISCOVERY REQUESTS

The Defendants, by and through counsel, respectfully move the Court to compel the Plaintiff to respond to the Defendants' discovery requests (Interrogatories and Requests for the Production of Documents) served on the Plaintiff on November 30, 2009, pursuant to Federal Rule of Civil Procedure 33 and 34, EDVA Local Rule 37(A), the Rule 16(B) Scheduling Order issued by this Court, and the Joint Discovery Plan entered into by the parties.  In support of this motion, the Defendants state the following:

### STATEMENT OF FACTS

1.      On April 8, 2009, the Plaintiff filed suit against the Secretary of the U.S. Department of Commerce and the Under Secretary of Commerce and Director of the U.S.

Patent and Trademark Office ("PTO"), alleging that his former employer, the PTO, part of the U.S. Department of Commerce, located in Alexandria, Virginia, violated various employment laws when it removed him from his Patent Examiner position in December 2006.  (Docket No. 1.)

2.     On October 1, 2009, the Defendants timely filed a Motion to Dismiss and a Memorandum and exhibits in support thereof.  (Docket Nos. 7 and 8.)

3.     On December 2, 2009, the Plaintiff filed an Amended Complaint. (Docket No. 24.)

4.     On December 4, 2009, a hearing was held on the Defendants' Motion to Dismiss and taken under advisement by the Court.  (Docket No. 29.)

5.     On January 12, 2010, the Court issued a Memorandum Order in which it made multiple rulings regarding this case.  (Docket No. 45. )  In pertinent part, the Court accepted the Plaintiff's Amended Complaint, but dismissed certain counts based on the arguments made by the Defendants in their Motion to Dismiss the Plaintiff's original Complaint.  The Court reserved ruling on Counts 3-5 (pertaining to the Plaintiff's Rehabilitation Act claims) and Count 8 (which attempts to raise a Civil Service Reform Act claim) of the Amended Complaint and directed the Defendants to file a brief within twenty (20) days of the date of the Order setting forth their arguments regarding dismissal of the remaining counts, if any.

6.     In the meantime, on October 21, 2009, the parties participated in a lengthy

Initial Pretrial Conference with Magistrate Judge Ivan D. Davis, in which many discovery

issues were discussed.  (Docket No. 15.)

7.      On October 27, 2009, at the direction of Mag. Judge Davis, the parties

signed and submitted a Joint Discovery Plan to the court.  (Docket No. 17.)  Among other

things, the parties agreed to the following terms:

> 3.      Interrogatories: Per the Court's Scheduling Order, each party
> may serve a maximum of thirty (30) interrogatories to any other party,
> including subparts, without leave of court.  Per EDVA Local Civil Rule
> 26(C), objections, if any, shall be due within fifteen (15) calendar days after
> service.  Per Fed. R. Civ. P. 33(b)(2), the responses shall be due thirty (30)
> calendar days after service.

> 4.      Requests for the Production of Documents: Each party may
> serve a maximum of thirty (30) requests for production of documents to any
> other party, without leave of court.  Per EDVA Local Civil Rule 26(C),
> objections, if any, shall be due within fifteen (15) calendar days after
> service.  Per Fed. R. Civ. P. 34(b)(2)(A), the responses shall be due thirty
> (30) calendar days after service.

(Docket No. 17, p. 2. )

8.      On November 2, 2009, the parties' Joint Discovery Plan was accepted by

the Court in a Rule 16(B) Scheduling Order issued by Magistrate Judge Davis.  (Docket

No. 18.)  In pertinent part, that Order states: "The Joint Discovery Plan filed by the parties

is approved and shall control discovery to the extent of its application unless further

modified by the court."   (Rule 16(b) Scheduling Order, ¶ 3.)

9.      On Monday, November 30, 2009, the Defendants propounded

Interrogatories (attached as Defendants' Exhibit Number "Defs.' Exh. No.") 1) and

Requests for the Production of Documents (attached as Defs.' Exh. No. 2)  to the Plaintiff

by first class mail.  Per EDVA Local Rule 26(C), the Joint Discovery Plan signed by both

parties, and the Rule 16(B) Order issued by this Court, Plaintiff's objections, if any, to

those discovery requests were due within fifteen days (plus three days for service by mail)

or by Friday, December 18, 2009.   Plaintiff's responses to those discovery requests were

due within thirty days (plus three days for service by mail) or by Monday, January 4,

2010.

     10.    The Plaintiff failed to timely file objections to the Defendants' discovery

requests by December 18, 2009.

     11.    The Plaintiff failed to timely file any response at all to the Defendants'

discovery requests by January 4, 2010.

     12.    On January 8th, 2010, immediately following this Court's grant of the

Defendants' Motion to Compel the Plaintiff to Supplement his Initial Disclosures, and in

response to a warning to both parties from the Court to take seriously their obligation to

meet and confer prior to the filing of any motion to compel, counsel for the Defendants

initiated a discussion with the Plaintiff regarding his failure to comply with the

Defendants' discovery requests.  The Plaintiff initially refused to provide any responses to

the Defendants' discovery requests.  After a discussion, the Plaintiff agreed to "try" to

produce responses to the Defendants' Interrogatories and Requests for Production of

Documents by noon on January 13, 2010 (the same deadline that the court ordered him to

-4-

serve his Initial Disclosures Supplement on the Defendants).

13.   On January 13, 2010, the Plaintiff timely served documents on the Defendants in response to the Court's January 8, 2010 Order to supplement his Initial Disclosures.  The Plaintiff failed, however, to serve any responses (or any objections) to the Defendants' Interrogatories or Request for the Production of Documents by the agreed January 13, 2010 deadline.

14.   At his deposition on January 14, 2010, while under oath, the Plaintiff admitted that he had received the Defendants' Interrogatories and Requests for the Production of Documents, admitted that he had failed to serve any objections, and admitted that he had failed to serve any responses to those discovery requests on the Defendants.

15.   Immediately following the Plaintiff's deposition on January 14, 2010, counsel for the Defendant again conferred with the Plaintiff regarding his duty to respond to the Defendants' discovery requests.  After some discussion, the Plaintiff agreed to respond to the Defendants' discovery requests by the close of business on Tuesday, January 19, 2010.

16.   On Wednesday morning, January 20, 2010, the Plaintiff served two documents on the Defendants: (1) "Objection to Defendants' First Interrogatories to Plaintiff by Norman Wright" (attached as Defs.' Exh. No. 3) and (2) "Response to Defendant's [sic] Request for Production of Documents by Norman Wright" (attached as

-5-

Defs.' Exh. No. 4.)

17.     In the document entitled "Objection to Defendants' First Interrogatories to Plaintiff by Norman Wright," the Plaintiff failed to provide a substantive response to even a single interrogatory.  Instead, for each of the twenty (20) interrogatories, the Plaintiff stated an almost identical, boilerplate objection:

> I object to this Interrogatory as being vague, indefinite, overly broad and incapable of answer.  I object because PTO has not actually answered either my original complaint or my amended complaint.  I object because the Court has not decided whether or not to dismiss my judicially reviewable complaint.

(Defs.' Exh. No. 3)

18.     In the document entitled, "Response to Defendant's Request for Production of Documents," the Plaintiff served objections to Request for Production of Documents ("RPD") No. 6 ("Interrogatories are excessive will provide when pared down.") and 13 ("overly broad" and "relevance").  Accordingly, the Plaintiff refused to provide documents responsive to those requests.  With respect to RPDs 1–5, and 9-12, the Plaintiff responded only by saying, "Please refer to The [sic] Defendant's [sic] (PTO) Administrative Record."  The Plaintiff provided documents only for RPD No. 7 and RPD No. 8 (partial production).  (Defs.' Exh. No. 4)

19.     On the morning of January 20, 2010, the same day the discovery responses were delivered to the Defendants' counsel, counsel for the Defendants contacted the Plaintiff by telephone at his home.  Counsel for the Defendants informed the Plaintiff that

because he failed to timely file objections to the Defendants' discovery requests, he had waived the right to raise objections to the requests.  The Plaintiff was also informed that he could not refuse to produce discovery on the ground that the Court had reserved ruling on Counts 3-5 and 8 or on the ground that the Defendants' had not yet filed an answer to his complaints.  The Plaintiff then stated that the Defendants' Interrogatories exceeded thirty (30) parts and subparts so he did not know which parts to answer.  Counsel for the Defendants responded by stating that each sentence of the twenty (20) interrogatories did not constitute a sub-part.

The Defendants afforded the Plaintiff an additional 48 hours, until noon on Friday, January 22, 2010, to serve responses to the Defendants' discovery requests.

20.     Despite the conversation counsel for the Defendants had with the Plaintiff on January 20, 2010, Plaintiff failed to serve additional responses to the Defendants' discovery requests by January 22, 2010.  Indeed, as of the time this motion is being filed, the Plaintiff has not served any additional responses to the Defendants' discovery requests, and has not contacted the undersigned counsel to seek additional time in which to do so.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 37(a) authorizes the Court to compel discovery when a party refuses to comply with a discovery request.  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if: (iii) a party fails to answer an interrogatory submitted under Rule

-7-

33; or (iv) a party fails to response that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

Here, the Plaintiff has failed to respond to any of the Interrogatories propounded by the Defendants. In addition, the Plaintiff refused to respond to certain requests for the production of documents based on untimely and unfounded objections.

The Plaintiff's responses clearly violate the terms of the parties Joint Discovery Plan (which the Plaintiff personally signed), and which was adopted by this Court in the Rule 16(B) Scheduling Order on November 2, 2009.  That Order requires all objections to discovery requests to be served within fifteen (15) days of service, and responses to be served within thirty (30) days of service.  The Plaintiff's stalling tactics and blanket refusal to respond to any of the Defendants' Interrogatories constitute a flagrant violation of this Court's Order and evidence a profound lack of disrespect for this Court's authority.

In accordance with the rules, the movant has attempted in good faith to confer with the Plaintiff in an effort to secure these disclosures without court action.  Counsel for the Defendants has three times engaged the Plaintiff in conversation in an attempt to secure his compliance with the discovery rules.  (See attached Certification filed pursuant to Fed. R. Civ. P. 37(a)(2)(A); 37(a)(2)(B); and 37(d)).  Court intervention is now required.

Accordingly, based on the information provided above, the Defendants respectfully request that the Plaintiff be compelled to respond to all of the Defendants'

Interrogatories and to supplement his responses to the Defendants Request for the

Production of Documents to provide documents he possesses, if any, which are

responsive to the Defendants' requests.  The Defendants further request that the Plaintiff

be ordered to respond by Wednesday, February 10, 2010 at noon, as discovery in this case

closes on Friday, February 12, 2010.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY


By:   _____/s/_____
Kevin Mikolashek
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone:   (703) 299-3809
Fax:           (703) 299-3983
Email:         Kevin.Mikolashek@usdoj.gov
*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2010, I will electronically file the

foregoing with the Clerk of the Court using the CM/ECF system, and that an exact and

true copy will be served by United States mail, first class postage prepaid, addressed to

the following *pro se* Plaintiff:

Norman M. Wright
14005 Wood Rock Way
Centreville, VA 20121-3833

By: _____/s/_____
Kevin Mikolashek
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone:   (703) 299-3809
Fax:            (703) 299-3983
Email:        Kevin.Mikolashek@usdoj.gov
*Counsel for the Defendants*